# In the United States Court of Federal Claims

No. 21-1807

(Filed: September 17, 2021)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| XEROX CORPORATION, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant, | \* |
| | \* |
| and | \* |
| | \* |
| TRIDENT E&P, INC. | \* |
| | \* |
| Defendant-Intervenor. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION AND ORDER**

Incumbent contractor and Plaintiff in this post-award bid protest, Xerox Corporation ("Xerox"), seeks a temporary restraining order ("TRO") and preliminary injunction to prohibit the Defense Logistics Agency ("DLA") from proceeding with performance of the disputed contract awarded to Defendant-Intervenor, Trident E&P, Inc. ("Trident"). *See* Pl. Mot. at 1, ECF. No. 20. The Court held a hearing on the motion for injunctive relief on September 16, 2021. Because Xerox has not demonstrated that it will be irreparably harmed absent injunctive relief, its motion is denied.

In 2019, DLA issued Solicitation No. SP7000-19-R-1001 for the award of a single contract ("the Contract") to provide commercial copier machines and similar devices, along with associated technical support and supplies, for use aboard military ships. Mem. in Supp. of Pl. Mot. at 1, ECF No. 20-1 [hereinafter Pl. Mem.]. Following a technical evaluation of proposals from Xerox and Trident, DLA conducted a reverse auction and selected Trident as the lowest bidder. *Id.* at 7-9. DLA awarded the Contract to Trident on August 20, 2021, after an unsuccessful protest by Xerox before the U.S. Government Accountability Office. *Id.* at 9.

Xerox filed its protest in this Court on September 3, 2021, challenging the procurement on two grounds. First, Xerox argues that DLA should have deemed Trident's proposal as technically unacceptable based on its alleged failure to meet three material requirements. *Id.* at 11-12. Second, Xerox argues that a lack of transparency in the reverse auction system unfairly led Xerox to believe that it was the only bidder, causing it to submit a higher final bid than it otherwise would have had it known it was competing with another bidder on price. *Id.* at 17.

At present, DLA is in a period of transition from Xerox to Trident, and Trident is in the required equipment testing period of the Contract. Def. Opp'n to Pl. Mot. at 1-2, ECF No. 23. DLA is prohibited from placing orders with Trident during this period, which the solicitation contemplates will take approximately 180 days from the date of the award—August 20, 2021. *Id.* As the incumbent contractor, Xerox has performed its responsibilities under a series of bridge contracts since the issuance of the solicitation in 2019. Pl. Mem. at 27-28. Xerox contends that the government has declined to obligate funds to purchase equipment from Xerox under the existing bridge contract or to execute a new bridge contract with Xerox during the current transition to Trident. *Id.* at 27-28. With its present motion, Xerox seeks an order that prohibits DLA from proceeding with the Contract (including the testing of Trident's equipment), placing orders with Trident, and "impairing Xerox's ability to serve its existing customers." *Id*. at 33.

Xerox has not met its burden to show that it is entitled to injunctive relief. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To demonstrate a right to injunctive relief, whether in the form of a TRO or preliminary injunction, a plaintiff must establish: 1) that it is likely to succeed on the merits of its claim; 2) that it will suffer irreparable harm in the absence of injunctive relief; 3) that the balance of hardships weighs in the plaintiff's favor; and 4) that the injunctive relief will not be contrary to public interest. *FMC Corp. v. United States*, 3 F.3d 424, 427 (1993); *see also Land Shark Shredding, LLC v. United States*, 142 Fed. Cl. 301, 305-06 (2019). While no one factor is dispositive, "the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned to the other factors, to justify the denial." *FMC Corp.*, 3 F.3d at 427. Further, the Federal Circuit has stated that "a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors[.]" *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (2001) (emphasis in original).

The Court finds unconvincing each of Xerox's arguments that it will suffer irreparable harm in the absence of injunctive relief. First, Xerox argues that potential orders placed with Trident constitute irreparable harm in the form of lost profits to Xerox. Pl. Mem. at 27. But DLA is prohibited from placing orders with Trident during the approximately 180-day testing period. With an expedited briefing schedule, it is reasonable to believe that this case will be resolved before testing is complete, meaning that no orders will have been placed in this transition period. If Xerox is successful in its challenge and later wins the contract, it will then be in a position to fulfill the orders that may have accumulated during the pendency of this litigation.

Xerox next alleges that its inability to serve existing customers and the resulting customer ire constitute irreparable harm. Pl. Mem. at 27-29. As Xerox notes, these harms result from DLA's decision not to execute a new bridge contract or obligate more funds to place purchase orders from Xerox. *Id.* To this end, Xerox requests an order "prohibiting [DLA] from impairing Xerox's ability to serve its existing customers," *id.* at 33, which the Court construes as a creatively phrased request for a new bridge contract. Xerox has not explained its entitlement to a new bridge contract or the authority of the Court to obligate DLA not only to execute a new bridge contract but also to place orders under that contract. *See Quality Control Int'l, LLC v. United States*, 147 Fed. Cl. 193, 200 (2020); *Bannum, Inc. v. United States*, 121 Fed. Cl. 543, 551 (2015). The Court leaves that decision to the discretion of the agency, which, as Xerox acknowledges, "has initiated the process of requesting authority to execute a new bridge contract with Xerox[.]" Pl. Mem. at 29 n. 12.

Finally, Xerox argues that allowing the testing of Trident's equipment to proceed will irreparably harm Xerox's competitive advantage, as Xerox's own equipment is already fully tested and approved by DLA. Pl. Mem. at 29. The testing requirement, however, occurs *post-*award; that Xerox had preapproved equipment (and Trident did not) provided Xerox with no advantage (and Trident with no disadvantage) during the evaluation of their respective proposals. Trident's proposal qualified for the award without preapproved equipment, and the selection for the award was based solely on the lowest price from eligible bidders. In other words, the testing of Trident's equipment will have no bearing on the outcome should DLA be required to reevaluate the award decision. Further, any advantage lost by Xerox on future procurements as a result of the testing of Trident's equipment under the Contract is speculative and alone is not sufficient for establishing irreparable harm in this case. *See SVD Stars II, LLC v. United States*, 138 Fed. Cl. 483, 488 (2018); *Sierra Military Health Services, Inc. v. United States*, 58 Fed. Cl. 573, 582-83 (2003).

Based on the limited record, the Court makes no determination on the likelihood of success on the merits other than to say that Xerox has not established it so overwhelmingly so as to overcome the lack of irreparable harm. Similarly, the remaining factors do not provide a compelling reason to grant injunctive relief.

Accordingly, Xerox's motion for a TRO and preliminary injunction, ECF No. 20, is **DENIED.** The parties **SHALL FILE** a joint status report by **September 24, 2021**, proposing further proceedings in this case.

**IT IS SO ORDERED.**

                              s/ Thompson M. Dietz
                              THOMPSON M. DIETZ, Judge